Michael A. Troisi (MT 2002)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:   (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Defendant State Farm Fire and Casualty Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| HARRY BOWERS and DOROTHY BARAD BOWERS, | Docket No.: 17-cv-6018 |
| Plaintiffs, | |
| -against- | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

------------------------------------------------------------X

## NOTICE OF REMOVAL

TO:  **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Dutchess, where the action is now pending, to the United States District Court for the Southern District of New York, and respectfully states as follows:

1. This action ("Action") was commenced against State Farm on or about July 6, 2017, by Plaintiffs Harry Bowers and Dorothy Barad Bowers ("Plaintiffs") in the Supreme Court of the State of New York, County of Dutchess, under Index No. 51596/2017, with the filing of a

Summons and Complaint ("Complaint"). Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint.

3. Exhibit "A" constitutes all of the process, pleadings, and/or orders that have been filed in the Action to date.

4. The Summons and Complaint were served on State Farm on July 11, 2017 in Bloomington, Illinois. This Notice of Removal is being filed within thirty (30) days of said service of the Summons and Complaint upon State Farm and, therefore, is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

5. Removal of this action is proper because this is a civil action in which Plaintiffs seek monetary relief in excess of $75,000.00 against State Farm and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiffs and Defendant.

6. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this Action is pending in Dutchess County, which is within the Southern District of New York.

I.
Nature of the Case

7. This Action is of a civil nature in which Plaintiffs seek monetary relief against State Farm in connection with State Farm's denial of their claim submitted under a homeowner's insurance policy.

8. Plaintiffs allege that on or about July 12, 2015, they suffered a loss to their property caused by a break in a plumbing line. See Complaint at ¶ 10. Additionally, Plaintiffs allege that they submitted a claim and satisfied all the conditions under the policy. Id. at ¶11. Plaintiffs also allege that they complied with all conditions precedent to obtaining payment of

benefits under the policy. ¶11. Plaintiffs further allege that State Farm breached the policy by failing to pay for all damages they sustained. Complaint at ¶ 82.

9. In connection with the foregoing allegations, among others, Plaintiffs allege four (4) causes of action against State Farm, seeking declaratory relief, (First and Second Causes of Action), Breach of Contract (Third Cause of Action), and breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Cause of Action).

## II.
## The Requirements for Removal Are Satisfied

10. The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### A. Diversity of Citizenship

11. At the time this lawsuit was filed and as of the date of this notice, Plaintiffs were and are citizens of the State of New York. See 28 U.S.C. § 1332(c)(1); see Summons (alleging that 95 Meadowbrook Lane, Staatsburg, New York is plaintiffs' "residential address") and Complaint at ¶ 1.

12. At the time this lawsuit was filed and as of the date of this notice, State Farm was and is a citizen of the State of Illinois, because it is an Illinois corporation, with its principal place of business in Illinois. See 28 U.S.C. § 1332(c)(1).

13. Accordingly, there is complete diversity between the parties. See 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy

14. Plaintiffs' Complaint does not set forth the monetary amount in controversy. However, based on the allegations in the Complaint, and a review of the file maintained by State Farm, it is clear that the amount in controversy easily exceeds $75,000.00, exclusive of costs and interest. For example, plaintiffs allege that they are entitled to receive certain payments to recover "full Replacement Cash Value Loss payments and withheld depreciation" See Complaint at ¶ 75(c). Regarding plaintiffs' claim for personal property, State Farm previously calculated the recoverable depreciation amount to be $37,820.96. This amount is ordinarily payable if plaintiffs comply with all policy terms and replace the damaged property within two years of the date of the loss. (See correspondence from State Farm to plaintiffs attached hereto as Exhibit "B"). State Farm contends that this amount is no longer due plaintiffs because they failed to replace the damaged personal property within two years of the date of loss, in accordance with the terms of the policy.

15. Plaintiffs also seek damages for "full Replacement Cost Value Loss of dwelling and personal property based on actual and necessary costs incurred..." Complaint at ¶ 58(d). Regarding damage to the building, plaintiffs previously invoked the policy's appraisal provision. As a result, an Umpire determined that the full replacement cost for building damage was $271,825.54, which has been paid by State Farm. See Appraisal Award attached hereto as Exhibit "C". The appraisal award is final and binding and State Farm contends that it has no liability to plaintiffs for building damage. Nevertheless, plaintiffs claim that they are owed some unspecified amount for the actual costs they have incurred to repair the damage to the structure. While the Complaint contains no monetary demand, it is likely that plaintiffs seek, at the very least, $56,284.73, which represents the difference between the replacement cost figure found in

their original estimate presented to State Farm ($328,110.27) and the amount of the appraisal award ($271,825.54). Plaintiffs' original building damage estimate is attached hereto as Exhibit "D".

16. Also, as part of their claim to State Farm, and presumably included in their cause of action for breach of contract, plaintiffs seek recovery for the full replacement cost of a carpet allegedly damaged by water. Plaintiffs have made claim to State Farm for that item in the amount of $30,004.69. (See email correspondence with receipts attached hereto as Exhibit "E"). As of the date of the commencement of this action, evaluation and negotiation over the value of this item was ongoing, but payment for the carpet remains an open item.

17. Plaintiffs also seek recovery for alleged damages caused to their driveway as a result of repair work on the property. For this aspect of their claim, plaintiffs submitted an estimate to State Farm in the amount of $12,797.67. (See Correspondence and estimate attached hereto as Exhibit "F"). This item, too, remained open and was the subject of ongoing negotiations at the time this suit was commenced.

18. All of the above mentioned items amount to $136,908.05. According to the Complaint, there are additional open claim items, such as damaged clothing and other items of personal property for which plaintiffs seek damages. See Complaint at ¶ 83(l)(m).

19. Accordingly, Defendant contends that the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) is satisfied and, thus, removal of this Action is proper.

### III.
### The Other Procedural Requisites for Removal are Satisfied

20. Removal is timely under 28 U.S.C. §§ 1446(b) and 1453 because the Complaint is the first pleading, motion, order, or other paper from which it could first be ascertained that this

action is one which is or has become removable. This Notice of Removal is filed within thirty (30) days of receipt of a copy of the Complaint, which was filed on July 6, 2017, and served on State Farm in Bloomington, Illinois on July 11, 2017. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81.1, the Complaint is annexed hereto as Exhibit "A".

21. State Farm will give written notice to Plaintiffs (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

22. A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by State Farm with the Clerk of the Supreme Court of the State of New York, County of Dutchess, as required by 28 U.S.C. § 1446(d). State Farm has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## IV.
## Conclusion

23. For all the foregoing reasons, State Farm respectfully requests that this Court assume full jurisdiction over this Action as provided by law. State Farm intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings.

Dated: Uniondale, New York
August 9, 2017

Respectfully submitted,
RIVKIN RADLER LLP
*Attorneys for Defendant STATE FARM FIRE AND CASUALTY COMPANY*
By: /s/ *Michael A. Troisi*
Michael A. Troisi (MT 2002)

RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:   (516) 357-3000
Facsimile:    (516) 357-3333

3770251 v1