# EXHIBIT A

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

HARRY BOWERS AND DOROTHY BARAD
BOWERS,

        Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendants.

Index No:

**SUMMONS**

**To the above-named Defendant:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with a summons, to serve a notice of appearance, on the plaintiffs' attorney(s) within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service is complete where service is made in any other manner than by personal delivery within the State of New York. In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

    Dutchess County is designated as the place of trial. The basis of the venue designated is the residential address of the Plaintiffs, which is currently located at 95 W. Meadowbrook Lane, Staatsburg, New York, 12580-6307.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

Dated: July 6, 2017
     New York, New York

MERLIN LAW GROUP, P.A.

By: _____
Verne A. Pedro, Esquire
New York Bar No.: 4052452
vpedro@merlinlawgroup.com
100 Park Avenue, 16th Floor
New York, NY 10017
Ph: (212) 351-5017
Fax: (212) 880-6499

To:    State Farm Insurance Company
       One State Farm Plaza
       Bloomington IL 61710

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

————————————————————————X

HARRY BOWERS AND DOROTHY BARAD
BOWERS,

                Plaintiffs,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant.

————————————————————————X

Index No.:

## COMPLAINT

JURY TRIAL REQUESTED

Plaintiffs, HARRY BOWERS and DOROTHY BARAD BOWERS (collectively "Plaintiffs"), by and through their attorneys, Merlin Law Group, as and for their Complaint against Defendants, STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), allege as follows:

## THE PARTIES

1.    At all times material hereto, Plaintiffs were the owners of real and personal property, and had an insurable interest in real and personal property, located at 95 W. Meadowbrook Lane, Staatsburg NY 12580-6307 ("the Property", "the insured home", "the dwelling", or "the insured premises").

2.    At all times hereinafter mentioned, Defendant State Farm  is and was a foreign corporation authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

3.    The state of incorporation of State Farm is Illinois.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

4.    The principal place of business and statutory home of State Farm is One State Farm Plaza, Bloomington, Illinois.

5.    Venue is proper in Dutchess County, New York, because the Property is located within Dutchess County and State Farm voluntarily insured property located in Dutchess County.

6.    This action is brought within two years from the date of loss or occurrence as specified and required by the Policy and applicable law.

## FACTUAL BACKGROUND

7.    This is an action by the Plaintiffs against their insurance carrier, State Farm, for declaratory judgment and benefits owed under an insurance policy which have not been fully paid, stemming from significant water damage to their real and personal property located at 95 W. Meadowbrook Lane, Staatsburg NY 12580-6307.

8.    In consideration for the premiums paid to it by Plaintiffs, State Farm issued and delivered to Plaintiffs a policy of property insurance, bearing policy number 56EP94767, in effect from October 28, 2014 to October 28, 2015 (the "Policy").

9.    Said Policy was sold by State Farm to the Plaintiffs, all premiums on the Policy were paid, and the Policy was in full and continuing force and effect at all relevant times herein.

10.    The damage to Plaintiffs' real and personal property located at 95 W. Meadowbrook Lane, Staatsburg New York, was caused by a break in a plumbing line, a peril covered under the Policy, that occurred on or about July 12, 2015, during the policy period. The break caused water damage throughout the house, causing permanent damage to various portions of the insured home and Plaintiffs' personal property.

11.    Plaintiffs complied with all conditions precedent to obtaining payment of benefits under the Policy or State Farm has waived such conditions precedent.

2

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

12.    Plaintiffs reported the loss to State Farm.

13.    State Farm acknowledged coverage for the loss, assigned claim number 32-689V-882 to Plaintiffs' claim, inspected Plaintiffs' home, and handled the claim through its duly authorized representatives and adjusters.

14.    In order to mitigate the water damages and initiate preventative repairs to the insured dwelling, Plaintiffs hired a water mitigation company at the direction of State Farm to help minimize the extent of water damage.

15.    In order to initiate the demolition and reconstruction of the damaged dwelling, Plaintiffs paid a moving company to relocate and store the contents of the home.

16.    Plaintiff also delivered numerous items of personal property and contents that were damaged by water to Certified Restoration Dry Cleaning Network ("CRDN") so that clothing and textiles exposed to water could be cleaned and restored to pre-loss condition.  These items were taken to CRDN at the direction of State Farm and CRDN was paid by State Farm.

17.    During the adjustment of the claim, a disagreement between Plaintiffs and State Farm arose over the value of certain damages to the dwelling, such as costs to replace the damaged HVAC system with like, kind and quality, and payment for property that was damaged during the mitigation/demolition process. Because of these disputed issues, among others, Plaintiffs sought to force State Farm to properly adjust the claim and pay the full value of the loss by demanding appraisal of the scope and amount of loss pursuant to the Policy terms.

18.    Plaintiffs contend that State Farm breached the contract by not fairly compensating them for this claim and forcing them to incur the additional cost and time of appraisal.

19.    An umpire, Frank P. Antonucci of Antonucci Consulting Corp., was hired to umpire the difference in value between the parties.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

20.   Pursuant to the subject insurance policy:

**Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

21.   On April 20, 2016, almost one year after the loss, Plaintiffs' Appraiser and the Umpire entered an appraisal award for the dwelling of $241,095.09 Actual Cash Value Loss, which represents a Replacement Cash Value Loss of $271,825.54 minus Withheld Depreciation of $30,730.45. See Appraisal Award annexed hereto as Exhibit B.

22.   The umpire did not appraise the increased cost of construction, he did not appraise the personal property damage, and he did not appraise the additional living expenses.

23.   Plaintiffs contend that State Farm has breached the contract by not fairly compensating them for the increased cost of construction, contents damage and additional living expenses stemming from this loss.

24.   In addition, despite the insurer's delay and forcing Plaintiffs to appraisal, State Farm has taken the position that the dwelling repairs must be made by July 12, 2017, or the Replacement Cash Value Loss benefits provided by the Policy are lost. By failing to properly adjust the claim and failing to properly compensate Plaintiffs, State Farm has prevented Plaintiffs from rebuilding and repairing the property within the time limit set forth in the Policy.

4

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

25.     Because of the delay in rebuilding the dwelling, Plaintiffs were unable to inspect the stored clothing and textiles for almost a year and a half after the date of loss. When Plaintiffs were finally able to inspect the clothing and textiles taken to CRDN, they discovered that the cleaning treatment was unsuccessful and that certain clothing and textiles were damaged during the cleaning process.

26.     Plaintiffs asked that State Farm cover the losses of the contents and personal property.

27.     Plaintiffs contend their clothing and textiles should be covered by State Farm as a total loss because they could not be restored to pre-loss condition.

28.     While the clothing and textiles were exposed to water, mold and mildew caused by a covered loss, State Farm has taken the position that the damaged clothing and textiles are beyond the scope of the water loss claim, and that CRDN is responsible for these damages.

29.     Despite the insurer's delay and forcing Plaintiffs to appraisal, State Farm has taken the position that the personal property must be replaced by July 12, 2017, or else the replacement benefits are lost. By failing to properly adjust the building loss claim and failing to properly compensate Plaintiffs State Farm has prevented Plaintiffs from purchasing new contents for their home within the time limit set forth in the Policy.

30.     Because Plaintiffs have begun repairs but are still in the process of repairing the home, due to no fault of their own, they cannot reasonably make all necessary repairs to the home and simultaneously purchase/replace new contents in their home.

31.     Plaintiffs contend that any delays in repairing the dwelling damages and replacing damaged personal property are due to State Farm's wrongful acts and refusal to pay the claim within a reasonable time after the loss.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

32.    Accordingly, Plaintiffs should be entitled to an extension of time to complete dwelling repairs and replace their personal property, without prejudice to their rights to recover the Replacement Cash Value Loss amounts despite the two-year provision in the Policy.

## THE STATE FARM POLICY

33.    The Insuring Agreement of the Policy insures Plaintiffs against accidental direct physical loss to the Property.

34.    The Policy contains the following "Replacement Cost Loss Settlement provisions:

**COVERAGE A – DWELLING**

**Replacement Cost Loss Settlement –
Similar Construction**

1. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations the damaged part of the property covered under Section I – Coverages, Coverage A – DWELLING, except for wood fences, subject to the following:

   Until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

   When the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

   To receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed.

   We will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under BUILDING OR ORDINANCE OR LAW.

   ***

6

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

## COVERAGE B – PERSONAL PROPERTY

### B1 – Limited Replacement Cost Loss Settlement

We will pay the cost to repair or replace property covered under SECTION I – COVERAGES, COVERAGE B – PERSONAL PROPERTY … subject to the following:

Until repair or replacement is completed, we will pay only the cost to repair or replace, less depreciation

After repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation, and the cost you have actually and necessarily spent to repair or replace the property; and

If property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

35.    The Policy contains the following "Building Ordinance or Law" provision:

## BUILDING ORDINANCE OR LAW

### 1.  Coverage Provided

The total limit of insurance provided by this coverage will not exceed an amount equal to the Building Ordinance or Law percentage shown in the Declarations of the Coverage A limit shown in the Declarations at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

### 2.  Damaged Portions of the Dwelling

When the dwelling covered under COVERAGE A – DWELLING is damaged by a Loss insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

***

### 4.  We will not pay for any increased costs of construction under this coverage:

Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

7

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

36.     The Policy contains the following "Appraisal" provision:

> **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

37.     Nowhere does the Policy state that the appraised Replacement Cash Loss Value amount sets a cap on recovery before the amount of all actual and necessary costs are incurred.

38.     Nowhere does the Policy provide how the Replacement Cash Value Loss provisions are applied when the insurer has prevented the policyholder from rebuilding, repairing and/or replacing damaged property within the time limit set forth in the Policy. Nor does the Policy account for or toll the time it took to resolve portions of the claim through the appraisal process.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Request for Declaratory Relief)

39.     The allegations contained in the prior paragraphs are hereby re-alleged and incorporated as if set forth verbatim herein.

40.     Plaintiffs and State Farm are in doubt and dispute of their rights and obligations under the Policy. Such doubt and dispute has created a bona fide, actual, and present adverse controversy between the parties regarding the interpretation of the Policy and Plaintiffs' demand for coverage and benefits.

8

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

41.    Plaintiffs' insured home suffered extensive damage from a burst plumbing pipe, thereby triggering coverage under the Policy.  Plaintiffs timely reported the loss to State Farm.

42.    State Farm failed to pay for all damages caused by the covered peril.

43.    In or around December 2015, the claim was submitted to appraisal.

44.    On April 20, 2016, Plaintiffs' Appraiser and the Umpire entered an appraisal award of $241,095.09 Actual Cash Value Loss, which represents a Replacement Cash Value Loss of $271,825.54 minus Withheld Depreciation of $30,730.45.

45.    The umpire did not provide a complete estimate of the damages and simply listed on the award document an amount for $271,825.54 (labeled Replacement Cost Value Loss), $30,730.45 (labeled Withheld Depreciation), and $241,095.09 (labeled Actual Cash Value Loss).

46.    After the appraisal award was issued by the umpire, State Farm delayed payment of this claim by refusing to fairly adjust the portions of loss and damage that were not appraised, for example, the increased cost of construction; additional living expense; and damaged contents.

47.    After the appraisal award, State Farm had the continuing responsibility to determine what damages are covered under the insurance policy and to what extent those damages may be compensable under the subject insurance policy.

48.    After the appraisal award, State Farm had the responsibility to determine how the insurance policy with its limitations, exclusions, and endorsements applies to the award rendered by the umpire and based on that analysis, State Farm had a responsibility to pay for all the covered damages.

49.    In this case, because there was no explanation as to what damaged components, what damaged areas, what materials, or even what type of labor resulted in the values listed by the umpire, or whether the values reflected like, kind and quality, and because Plaintiffs have not yet

9

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

completed all repairs, State Farm did not know and could not know whether the appraisal amount fully compensated Plaintiffs for all covered damages.

50.    Without seeking such a clarification from the appraisal panel or the umpire, State Farm erroneously concluded that the amount of the appraisal award reflected the actual amounts Plaintiffs would incur to make repairs and replace personal property of the same like, kind and quality as the damaged property, even though Plaintiffs had not yet completed all repairs or replaced the contents.

51.    Nowhere does the Policy state that the Replacement Cash Value Loss amount stated in the appraisal award sets a cap on Plaintiffs' replacement cost recovery.

52.    Replacement Cash Value Loss cannot be appraised with finality before the Property is repaired because this amount will be based on and is dependent on the actual incurred costs.

53.    Plaintiffs contend that only the Actual Cash Value Loss for the building damages could be calculated during appraisal.

54.    Full replacement cost could not be determined during appraisal before the amount of actual and necessary repair costs are incurred and all replacement costs are known.

55.    In addition, Plaintiffs contend that, for purposes of appraisal, the Replacement Cost Value Loss amount is used to calculate Actual Cash Value Loss and Withheld Depreciation, but does not operate to set a cap on Plaintiffs' ultimate recovery for full replacement after repairs are completed.

56.    Notwithstanding the Replacement Cash Value Loss amount stated in the appraisal award, pursuant to the policy loss settlement provisions, State Farm owes the amounts actually and necessarily spent to repair/replace the damaged property.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

57.     Notwithstanding the Replacement Cash Value Loss amount stated in the appraisal award, pursuant to the policy loss settlement provisions, Plaintiffs are entitled to recover the amounts actually and necessarily spent to repair/replace the damaged property.

58.     Therefore, Plaintiffs request a judicial declaration that the terms of the Policy obligate Defendant to cover and pay Plaintiffs for full replacement of the property damage claimed herein.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order determining and declaring:

(a) That Plaintiffs are entitled to reimbursement of the depreciation for damaged items replaced to date;

(b) That Replacement Cash Value Loss indicated in the appraisal award can only be used to determine actual cash value, and does not set a cap on replacement cost benefits owed under the Policy;

(c) That the full amount of Replacement Cash Value Loss owed Plaintiffs must be based on actual and necessary costs incurred;

(d) That Plaintiffs are entitled to full Replacement Cost Value Loss of dwelling and personal property based on actual and necessary costs incurred, even if replacement is not complete within 2 years;

(e) That Plaintiffs are entitled to any other such relief as this Court deems just and appropriate.

11

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

## AS AND FOR A SECOND CAUSE OF ACTION
### (Request for Declaratory Relief)

59.    The allegations contained in the prior paragraphs and Count are hereby re-alleged and incorporated as if set forth verbatim herein.

60.    Plaintiffs have begun repairs but are still in the process of repairing the dwelling. Due to no fault of their own, they cannot reasonably make all necessary repairs and simultaneously purchase/replace new contents in their home within the two-year Replacement Cost Loss Settlement provisions in the Policy.

61.    Plaintiffs contend the Policy's two-year Replacement Cost Loss Settlement provisions are unenforceable.

62.    Plaintiffs contend they are entitled to all Replacement Cash Value Loss benefits under the Policy, even if they have not completed repairs within two years or replaced their personal property within two years.

63.    While the language in the Policy limits Plaintiffs' time to make repairs and recover for Replacement Cash Value Loss to two years from the date of loss, this limitation does not fairly or reasonably account for circumstances beyond the Plaintiffs' control or direction, such as (a) State Farm's delay in adjusting both the undisputed and disputed portions of the claim; (b) State Farm's delaying and limiting payment; (c) State Farm's delay in agreeing to Plaintiffs' demand for appraisal; and (d) otherwise taking positions that prevented Plaintiff from making necessary repairs to the dwelling within two years, which is a condition to recovery for Replacement Cash Value Loss.

64.    While the language in the Policy limits Plaintiffs' time to make repairs and recover for Replacement Cash Value Loss to two years from the date of loss, this limitation does not fairly or reasonably account for circumstances beyond the Plaintiffs' control, such as (a) State Farm's

12

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

delay in adjusting both the undisputed and disputed portions of the claim; (b) State Farm's efforts to delay and limit payment; (c) State Farm's delay in agreeing to Plaintiffs' demand for appraisal; and (d) otherwise taking positions that prevented Plaintiffs from replacing their personal property within two years, which is a condition to recovery for Replacement Cash Value Loss.

65.   Notwithstanding State Farm's delay in paying the claim and forcing Plaintiffs to appraisal, State Farm has taken the position that the dwelling repairs must be made by July 12, 2017, and personal property replaced by the same date, or the Replacement Cash Value Loss benefits provided by the Policy are lost.

66.   Nowhere does the Policy provide how the Replacement Cost Loss provisions are applied when the insurer has prevented the policyholder from rebuilding, repairing and/or replacing damaged property within the time limit set forth in the Policy.

67.   Nor does the Policy account for or toll the time it took to resolve portions of the claim through the appraisal process.

68.   State Farm has wrongfully delayed the claim then taken the position that it would withhold depreciation until after the repairs were completed, completely depriving the Plaintiffs of the benefit to which they are entitled.

69.   State Farm has wrongfully delayed adjusting and paying the claim then taken the position that it would not pay depreciation if the repairs were not completed by July 12, 2017, completely depriving Plaintiffs of the benefits to which they are entitled.

70.   State Farm has wrongfully pressured Plaintiffs to replace the damaged personal property in the home by July 12, 2017, or lose the replacement cost benefits under the Policy, even though the dwelling repairs could not be completed due to the insurer's delay in adjusting the claim and making payment.

13

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

71.    State Farm has wrongfully pressured Plaintiffs to comply with certain conditions precedent to recover Replacement Cash Loss Value and then frustrated or prevented the occurrence of those conditions.

72.    State Farm disputes, or on information and belief will dispute, the relief that Plaintiffs assert is available under the Policy.

73.    Because of the foregoing, an actual and justiciable controversy exists between Plaintiffs and State Farm.

74.    Plaintiffs therefore request a judicial declaration that, under the circumstances alleged above, the two-year limit to recover full Replacement Cash Value Loss for damages to the dwelling and personal property is unenforceable.

75.    Even if the two-year Replacement Cash Value Loss provisions apply, which is expressly denied, Plaintiffs request a judicial declaration that they are entitled to the Replacement Cash Value Loss payment for all repairs made to date.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an Order determining and declaring:

(a)    that the two-year Replacement Cash Value Loss provisions are unenforceable because State Farm has breached the contract and made it impossible for Plaintiffs to comply with these conditions;

(b)    that Plaintiffs are not required to complete repairs and replace personal property By July 12, 2017;

(c)    that Plaintiffs are entitled to an extension of time to make repairs and replace damaged personal property, without prejudice to their rights to recover full Replacement Cash Value Loss payments and withheld depreciation;

14

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

(d) that, even if the two-year Replacement Cash Value Loss provisions apply, Plaintiffs are entitled to Replacement Cash Value Loss payments and withheld depreciation for all repairs made to date; and

(e) that Plaintiffs are entitled to any other such relief as this Court deems just and appropriate.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract as against State Farm)

76.     The allegations contained in the prior paragraphs and Counts are hereby re-alleged and incorporated as if set forth verbatim herein.

77.     Plaintiffs' real and personal property sustained accidental direct physical loss because of a broken plumbing pipe, a covered peril under the Policy.

78.     State Farm insures the policyholders for accidental direct physical loss to the Property.

79.     The Policy is a valid and enforceable contract providing insurance coverage for the loss suffered by the Plaintiffs.

80.     State Farm was given timely notice of the loss, and all other conditions of the Policy, including but not limited to payment of premium, proof of loss, and full cooperation, have been satisfied.

81.     State Farm's contractual duty to indemnify Plaintiffs for the value of the loss has been triggered.

82.     State Farm failed to pay for all damages caused by the covered peril.

83.     State Farm breached the Policy by the following actions:

(a) Failing to acknowledge a covered loss by refusing to pay Plaintiffs the benefits due and owing under the Policy;

15

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

(b) Failing to properly evaluate the loss at the beginning of the claim and intentionally low-balling the value of the insureds' damages in order to force the Plaintiffs to incur the expense, delay and uncertainty of the appraisal process;

(c) Failing to properly analyze the insurance policy after the appraisal award in order to ascertain the proper amount for the covered damages thereby paying an improper amount after the appraisal award;

(d) Failing to properly evaluate and adjust the remaining damages not resolved in the appraisal process;

(e) Delaying the claim and obstructing Plaintiffs' ability to commence and complete repairs within the time prescribed under the Policy by failing to pay for all damages caused by a covered peril;

(f) Unsatisfactory settlement offers;

(g) By wrongfully pressuring Plaintiffs to re-install mechanical HVAC equipment that was exposed to water even though Plaintiffs' contractors advised (i) the components were obsolete, (ii) it was not feasible or safe to reuse such equipment, (iii) they could not guarantee the system would work with the reused mechanical components and (iv) they would not warranty the system with reused components;

(h) By wrongfully pressuring Plaintiffs to make repairs with materials that were not of the same like, kind and quality as the damaged items, completely depriving the Plaintiffs of the benefit to which they are entitled;

16

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

(i) By wrongfully delaying the claim then taking the position that it would withhold depreciation until after the repairs were completed, completely depriving the Plaintiffs of the benefit to which they are entitled;

(j) By wrongfully delaying the adjustment and payment of the claim then taken the position that it would not pay depreciation if the repairs were not completed by July 12, 2017, completely depriving Plaintiffs of the benefits to which they are entitled;

(k) By wrongfully refusing to compensate Plaintiffs for damages caused by the mitigation company hired at Defendant's direction;

(l) By wrongfully refusing to compensate Plaintiffs for damages to their water damaged clothing and textiles; and

(m) Plaintiffs anticipate identifying additional facts that further demonstrate State Farm's breach of the contract during the litigation discovery process;

84.    As a direct and proximate result of the above breaches, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at the jury trial of this action.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment against State Farm for:

(a) an extension of time to make repairs and replace damaged personal property;

(b) monetary judgment in an amount to be determined at the jury trial of this action;

(c) pre- and post-judgment interest; and

(d) costs of suit, and

(e) such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

17

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

85.     The allegations contained in the prior paragraphs and Counts are hereby re-alleged and incorporated as if set forth verbatim herein.

86.     Plaintiffs and State Farm entered into the insurance contract whereby State Farm promised to pay for covered damages to Plaintiffs' Property.

87.     The Policy contains an implied covenant of good faith and fair dealing. This covenant includes, but is not limited to duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered losses.

88.     State Farm failed to properly adjust Plaintiffs' claim by engaging in activities that include, but are not limited to:

(a) deliberately, negligently and unreasonably delaying payment of Plaintiffs' claim, and failing to timely pay Plaintiffs the full amount of benefits owed under the Policy for the loss;

(b) refusal to compensate Plaintiffs for the fair value of the claim,

(c) misrepresenting the scope of damages;

(d) improper denial of certain portions of the claim;

(e) Failing to properly evaluate the loss at the beginning of the claim and intentionally low-balling the value of the insureds' damages in order to force the Plaintiffs to incur the expense, delay and uncertainty of the appraisal process;

18

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 2017-51596

RECEIVED NYSCEF: 07/06/2017

(f) Failing to properly analyze the insurance policy after the appraisal award in order to ascertain the proper amount for the covered damages thereby paying an improper amount after the appraisal award;

(g) Failing to properly evaluate and adjust the remaining damages not resolved in the appraisal process; and

(h) Delaying the claim and obstructing Plaintiffs' ability to commence and complete repairs within the time prescribed under the Policy by failing to pay for all damages caused by a covered peril.

89.     State Farm's actions in failing to properly adjust Plaintiffs' claim is a breach of the implied covenant of good faith and fair dealing.

90.     Plaintiffs contend the two-year limitations are unenforceable, and that they should not be barred from obtaining full Replacement Cash Value Loss under the Policy by their inability to repair the home and replace all damaged contents within two years from the date of loss because State Farm has breached the contract and made it impossible for Plaintiffs to comply with these conditions.

91.     As a result of State Farm's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of experts, the attorneys and law firm who are representing Plaintiffs with respect to these causes of action.

92.     Defendants knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiffs of their rights and reasonable expectations under the Policies.

93.     The losses incurred by Plaintiffs are a direct and foreseeable consequence of State Farm's above described wrongful conduct in that such wrongful conduct has caused additional

19

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

monetary losses, which were reasonably foreseeable and contemplated by the parties at the time of contracting under the subject insurance policy.

94. The very purpose of insurance coverage as afforded by State Farm would make the insurer aware that if it breached the Policy it would be liable for the losses consequent to the breach. In addition, it would be reasonable for Plaintiffs to expect when they purchased the Policy that State Farm would meet its contractual obligations and not conduct its claims handling practices in such a way to cause additional loss and damage to their policyholders' interests.

95. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered and will continue to suffer damages.

96. Accordingly, Plaintiffs are entitled to an award against State Farm of compensatory and consequential damages in such amounts as established by evidence, as well as pre- and post-judgment interest, costs, and such further relief as may be just.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment against State Farm for:

(a) Compensatory damages;

(b) Consequential damages;

(c) Pre-judgment interest and post-judgment interest;

(d) Costs of suit;

(e) Attorneys' fees; and

(f) For such other relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs, HARRY BOWERS and DOROTHY BARAD BOWERS, demand a trial by jury on all issues so triable.

FILED: DUTCHESS COUNTY CLERK 07/06/2017 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 2017-51596
RECEIVED NYSCEF: 07/06/2017

Dated: July 6, 2017

MERLIN LAW GROUP

By:_____
Verne A. Pedro, Esquire
New York Bar No.: 4052452
vpedro@merlinlawgroup.com
100 Park Avenue, 16th Floor
New York, NY 10017
Ph: (212) 351-5017
Fax: (212) 880-6499

21